**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ESTELLA ARREZ and ERICA ALONSO, on behalf of themselves and all other persons similarly situated known and unknown, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>KSI SERVICES, INC., )<br>)<br>Defendant. ) | Case No. 07 C 1289<br><br>Judge Leinenweber<br><br>Magistrate Judge Valdez |

**DEFENDANT KELLY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF ITS PROPOSED FINAL APPROVAL ORDER**

Defendant Kelly Services, Inc. ("KSI"), by and through its attorneys, SEYFARTH SHAW LLP, respectfully submits the following memorandum in support of its motion for entry of a Proposed Final Approval Order.

October 1, 2009, Plaintiffs' counsel filed their Motion for Final Approval of Class Action Settlement, which attached their unilaterally proposed final approval order. (Dkt. 169-2, p.3). That proposed order includes terms KSI advised Plaintiffs' counsel it believed should be omitted based on the Court's fiduciary duty vis-à-vis settlement class members to independently determine the appropriate amount of attorneys' fees and recoverable litigation costs to award. (Declaration of Steven J. Pearlman (attached hereto at Tab A) ¶¶ 3-7, Exs. 2-6).

It is axiomatic that this Court has a fiduciary duty to the settlement class members to ensure the amount of fees and recoverable litigation costs awarded in a class action settlement are fair and reasonable, which means the proposed final approval order should reflect the parties' need to await the Court's independent deliberation and determination on these issues. *See Florin v. Nationsbank of Ga., N.A.*, 60 F.3d 1245, 1248 (7th Cir. 1995) ("Where . . . the plaintiff class is

unrepresented in the issue of attorneys' fees, the court must jealously guard the interests of the class."); *Cook v. Neidart*, 142 F.3d 1004, 1011 (7th Cir. 1998) (the court "becomes the fiduciary for a common fund's beneficiaries and must carefully monitor disbursement to the attorneys by scrutinizing the fee applications.").

KSI's position in this regard is consistent with its April 21, 2009 Memorandum of Law Regarding the Propriety of its Proposed Class Notice and Claims Forms and Other Settlement Issues. (Dkt. 156, citing *Kakani v. Oracle Corp.*, No. 06 CV 6493, 2007 U.S. Dist. LEXIS 47515, *26 (N.D. Cal. Dec. 21, 2007) (despite agreement between plaintiffs' counsel and defendant to a fee amount and defendants not objecting to a fee petition in a claims-made class action settlement, the court warned that granting attorney's fees based on claims not submitted might be excessive because it would, "as to non-claimants, reward counsel for achieving nothing more than a forfeiture of statutory and regulatory rights.")).

In light of the foregoing case law authority, and in recognition of its agreement not to contest Plaintiffs' counsel's petition for attorneys' fees, KSI's proposed final approval order (attached hereto at Tab B) varies from Plaintiffs' proposed order as follows[1]:

- Paragraph 4: The Court finds that the strength of the Plaintiffs' case on the merits, weighed against Defendant's defenses, and the complexity, length, and expense of further litigation support approval of the Settlement; the Total Settlement Amount of ***up to*** $11,000,000.00, as set forth in the Settlement Agreement, is a fair, reasonable and adequate settlement of Plaintiffs' individual claims and the Class' claims . . . .

- Paragraph 6: The Settlement allocates the ***amount of up to*** $11 million ***representing the*** Maximum Gross Settlement Amount into two settlement funds. ***Up to*** ten million dollars ($10 million) is allocated to the Vacation Pay common fund and $1 million is allocated to the IDTLSA common fund.

---

[1] KSI's variations appear in italicized and bold text for ease of reference.

- Paragraph 7: The estimated total value of claims for Class Members who timely excluded themselves from the Settlement ($27,010.00) shall be deducted from the Vacation Pay common fund and returned to Defendant. The resulting amount is the Vacation Pay Available Settlement Pool, totaling *up to* $9,972,990.00.

- Paragraph 9: Plaintiffs' Counsel is awarded __% of the Maximum Gross Settlement Amount in attorneys' fees *(a total of $*_____*)*, and *$*_____ in recoverable litigation costs to be paid from Maximum Gross Settlement Amount.

Also, Plaintiffs' counsel's reference in Paragraph 15 of their proposed final approval order to Paragraph 9 of the same document is erroneous. Paragraph 15 intends to reference and incorporate the release language in Paragraph 11, not the proposed award of fees and recoverable litigation costs referenced in Paragraph 9.

In addition, KSI's proposed final approval order includes the following terms regarding the settlement proceeds that may be disbursed to the settlement class members:

- Paragraph 10: The Vacation Pay Settlement Class shall receive *no more than* $6,961,134.21.

- Paragraph 11: The IDTLSA Settlement Class shall receive *no more than* $680,041.21.

As KSI advised Plaintiffs' counsel, the foregoing limitations are consistent with the settlement distribution formula in Paragraph 59 of the parties' Settlement Agreement. (Declaration of Steven J. Pearlman ¶ 2, Ex. 1). The formula to which the parties agreed, as set forth in Paragraph 59 of the parties' Settlement Agreement, requires amounts exceeding those set forth in Paragraphs 10 of KSI's proposed final approval order to be reduced *pro rata*. (Dkt. 169-3, pp.18-19, ¶ 59).

Further, in consideration of the foregoing case law authority, the percentage of claims settlement class members filed should be considered in connection with the Court's determination as to the amount of attorneys' fees that should be awarded.

According to the Declaration of the Settlement Administrator, and absent from Plaintiffs' counsel's motion for final approval of settlement and memorandum in support, 27,315 out of 95,574 members of the settlement class, *i.e.*, 28.58%, submitted claims as of September 20, 2009. (Dkt. 165 ¶¶ 11-12).

Lastly, part of the Court's fiduciary duty to the settlement class members in determining an appropriate award of attorneys' fees includes conducting analyses that take into consideration the amount of hours Plaintiffs' counsel expended in litigating this action. *See Harman v. Lyphomed, Inc.*, 945 F.2d 969, 974 (7th Cir. 1991). While KSI does not object to the fee motion, Plaintiffs' counsel did not provide this Court such an itemization.

WHEREFORE, for the foregoing reasons, KSI submits that its Proposed Final Approval Order should be entered, and that this Court should grant it any further relief as this Court deems just.

| | |
|---|---|
| DATED: October 2, 2009 | Respectfully submitted, |
| | |
| Gerald L. Maatman, Jr. | KELLY SERVICES, INC. |
| Steven J. Pearlman | |
| Seyfarth Shaw LLP | |
| 131 S. Dearborn Street, Suite 2400 | By      /s/ Gerald L. Maatman, Jr.      |
| Chicago, Illinois  60603-5577 | One of Its Attorneys |
| (312) 460-5000 | |

4

## **CERTIFICATE OF SERVICE**

Steven J. Pearlman, an attorney, certifies that on October 2, 2009, he caused a true and correct copy of the foregoing DEFENDANT KELLY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF ITS PROPOSED FINAL APPROVAL ORDER with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

| | |
|---|---|
| Douglas M. Werman | dwerman@flaslaw.com |
| Aaron D. Kaufmann | kaufmann@hinton-law.com |
| Christopher John Williams | cwilliams@flsalaw.com |
| Daniel M. Feinberg | dfeinberg@lewisfeinberg.com |
| John Edward Untereker | juntereker@workers-law.org |
| Maureen Ann Bantz | mbantz@flsalaw.com |
| Jonathan A. Rosenblatt | rosenblatt@loevy.com |

    /s/ Steven J. Pearlman
    Steven J. Pearlman

CH1 11819000.2